UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| NORTH AMERICAN CAPACITY INSURANCE COMPANY, and NORTH AMERICAN SPECIALTY INSURANCE COMPANY, | ) ) ) ) | 3:10-cv-00157-HDM-RAM |
| Plaintiffs, | ) ) | ORDER |
| vs. | ) ) | |
| REYNEN & BARDIS DEVELOPMENT (NEVADA) LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |

Before the court is defendant Steadfast Insurance Company's ("Steadfast") motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (#24). Plaintiffs have filed an opposition (#26), and an errata to the opposition (#27). Steadfast has filed a reply (#28).

At a minimum, a complaint should contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

1

(2009). While the pleading need not contain detailed factual allegations, it is insufficient if it offers only labels and conclusions, a formulaic recitation of the elements of a cause of action, or "naked assertions devoid of further factual enhancement." *Id.* at 1949 (internal punctuation omitted).

In considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 (9th Cir. 2000). The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). This tenet, however, is "inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 1950.

Plaintiffs' complaint asserts that defendant Southwest Vista Homeowner's Association filed a construction defect lawsuit against the "Reynen & Bardis Defendants" (all defendants but Steadfast and Southwest Vista Homeowner's Association), that plaintiffs had issued policies of insurance to various of those defendants requiring plaintiffs to "pay all sums which the insured[s become] legally obligated to pay as damages for bodily injury or property damage to which the coverage applies," and that Steadfast "also issued policies of insurance to one or more of the Reynen & Bardis Defendants under policy numbers HBP 3991347-00, HBP 3991347-01, HBP 3991347-02 and HBP 3991347-03 for one year periods beginning

February 1, 2004." (Pl. Compl. 3-5). The complaint alleges that the Reynen & Bardis defendants failed to provide timely notice of the claims asserted against them in that action, and that as a result plaintiffs have no duty to defend or indemnify those defendants as otherwise required by the issued policies. Plaintiffs thus seek a "judicial determination of the[ir] rights and obligations . . . under their policies with respect to the underlying construction defect lawsuit." (*Id.* at 7).

Plaintiff's complaint fails to provide sufficient factual allegations to state a claim for declaratory relief against Steadfast. It does not allege what type of policies Steadfast issued, what Steadfast's responsibilities are or may be to defendants, nor what claims Steadfast may bring against the plaintiffs. The complaint therefore fails to comply with the requirements set forth in *Bell Atlantic* and *Iqbal* that a complaint contain "enough facts to state a claim to relief that is plausible on its face."

Accordingly, Steadfast's motion to dismiss (#24) is **GRANTED,** and plaintiff's claim against it is **DISMISSED WITHOUT PREJUDICE.** Plaintiff is granted leave to file an amended complaint setting forth with greater specificity the grounds for its claim against Steadfast. Any such amended complaint shall be filed no later than June 22, 2010.

**IT IS SO ORDERED.**

DATED: This 1st day of June, 2010.

_____
UNITED STATES DISTRICT JUDGE

3